IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:
ANGEL RAMOS,                                              CASE NO.: 14-17333-LMI
a/k/a ANGEL R. RAMOS                                      CHAPTER 13
CARMEN RAMOS,

    Debtors.
_____/

**EX-PARTE MOTION TO APPROVE LOAN MODIFICATION AGREEMENT BETWEEN GREEN TREE SERVICING LLC AND DEBTOR *nunc pro tunc* MARCH 1, 2015**

    COMES NOW Creditor, Green Tree Servicing LLC (MOVANT) and files this Ex-Parte Motion to Approve Loan Modification Agreement between Green Tree Servicing LLC and Debtor *nunc pro tunc*, with an effective date of March 1, 2015, and as grounds therefor states:

    1.    Movant is a secured creditor holding a secured claim against the Debtor's Note and Mortgage, more particularly described as:

> **REAL PROPERTY AT 7530 W 29TH AVE, HIALEAH, FL 33018 AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**
>
> All that certain parcel of land situate in the County of Miami-Dade and State of Florida, being known and designated as follows:
>
> Lot 7, in Block 3, of the amended Plat of El Prado County Club, according to the Plat thereof, as recorded in Plat Book 133, Page 78, of the Public Records of Miami-Dade County, Florida.

    2.    The Debtor filed the instant Chapter 13 Bankruptcy on March 31, 2014.

    3.    The Movant and the Debtor agreed to the Loan Modification Agreement (**Exhibit A**), subject to this Court's approval.

    4.    Although filed late, this Loan Modification Agreement will not disrupt the efficient administration of Debtor's assets, as the Order Granting Motion to Approve Loss Mitigation Agreement With (Green Tree Servicing LLC) ] has already been entered by the Court.

5.  Furthermore, Debtor was aware of Loan Modification Agreement and the Debtor will not be prejudiced by late filing.

6.  The Loan Modification Agreement is in the best interest of the parties.

7.  Movant seeks an Ex-Parte *nunc pro tunc* Approving the Loan Modification Agreement effective March 1, 2015.

WHEREFORE, Movant requests that this Honorable Court enter its order granting the Ex-Parte Motion to Approve Loan Modification Agreement between Green Tree Servicing LLC and Debtor *nunc pro tunc* March 1, 2015.

Dated: April 27th, 2015.

                                              Respectfully submitted,

                                              /S/ Evan S. Singer
                                              _____
                                              Evan S. Singer
                                              Fla. Bar ID: 101406
                                              Timothy D. Padgett, P.A.
                                              6267 Old Water Oak Road
                                              Suite 203
                                              Tallahassee, Florida 32312
                                              (850) 422-2520 (telephone)
                                              (850) 422-2567 (fax)
                                              ess@padgettlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2015 a true and correct copy of the foregoing has been furnished by U.S. Mail and/ or electronic notice to the interested parties on the attached matrix.

/S/ Evan S. Singer

_____

Evan S. Singer

```
Label Matrix for local noticing      (p)GREENTREE SERVICING LLC          Quantum3 Group LLC as agent for
113C-1                               BANKRUPTCY DEPARTMENT               Galaxy Portfolios LLC
Case 14-17333-LMI                    P O BOX 6154                        PO Box 788
Southern District of Florida         RAPID CITY SD 57709-6154            Kirkland, WA 98083-0788
Miami
Wed Apr  8 08:06:54 EDT 2015

American InfoSource LP as agent for  Angie Ramos                         Bank of America
Midland Funding LLC                  7530 West 29 Avenue                 P.O. BOX 851001
PO Box 268941                        Hialeah, FL 33018-5330              Dallas, TX 75285-1001
Oklahoma City, OK  73126-8941


CACH, LLC                            Cavalry SPV I, LLC                  Chase
4340 S. MONACO STREET                500 Summit Lake Drive, Ste 400      P.O. BOX 15153
2ND FLOOR                            Valhalla, NY 10595-1340             Wilmington, DE 19886-5153
DENVER, CO 80237-3485


Discover                             Discover Bank                       First National Bank
POB 71084                            DB Servicing Corporation            POB 2557
Charlotte, NC 28272-1084             PO Box 3025                         Omaha, NE 68103-2557
                                     New Albany, OH  43054-3025


First National Bank of Omaha         GECRB/Brandsmart                    GECRB/Rooms to Go
c/o Zakheim & Lavrar, P.A.           POB 960061                          POB 960061
1133 S University Drive              Orlando, FL 32896-0061              Orlando, FL 32896-0061
Plantation, FL 33324-3303


Green Tree                           Green Tree Servicing LLC            HSBC/Best Buy
POB 6172                             PO BOX 0049                         POB 5238
Rapid City, SD 57709-6172            Palatine, IL 60055-0049             Carol Stream, IL 60197-5238
                                     Telephone # 888-298-7785


Hyundai Lease Titling Trust          Hyundai Motor Finance               Internal Revenue Service
PO Box 20809                         POB 650805                          P.O. BOX 7346
Fountain Valley, CA 92728-0809       Dallas, TX 75265-0805               Philadelphia, PA 19101-7346


Macy's                               Office of the US Trustee            RJM Acquisitions, LLC.
c/o Northland Group Inc.             51 S.W. 1st Ave.                    575 Underhill Blvd.
PO BOX 390846                        Suite 1204                          Suite 224
Minneapolis, MN 55439-0846           Miami, FL 33130-1614                Syosset, NY 11791-4437


T Mobile                             (p)TOYOTA MOTOR CREDIT CORPORATION  Toyota Motor Credit Corporation (TMCC)
POB 790047                           PO BOX 8026                         PO BOX 8026
Saint Louis, MO 63179-0047           CEDAR RAPIDS IA 52408-8026          Cedar Rapids, Iowa 52408-8026


Angel Ramos                          Carmen Ramos                        Nancy K. Neidich
7530 W 29 Avenue                     7530 W 29 Avenue                    www.ch13herkert.com
Hialeah, FL 33018-5330               Hialeah, FL 33018-5330              POB 279806
                                                                         Miramar, FL 33027-9806
```

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

Stacy Bressler
8201 Peters Rd #1000
Plantation, FL 33324-3266

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Green Tree Servicing, LLC
P.O. BOX 6154
Rapid City, SD 57709

Toyota Motor Credit Corporation
POB 8026
Cedar Rapid, IA 52408

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(d)Quantum3 Group LLC as agent for
Galaxy Portfolios LLC
PO Box 788
Kirkland, WA  98083-0788

(d)Rjm Acquisitions Llc
575 Underhill Blvd, Suite 224
Syosset, NY 11791-4437

End of Label Matrix
Mailable recipients    31
Bypassed recipients     3
Total                  34

**Exhibit A**

Investor Loan # ▮▮▮▮▮▮▮▮

**After Recording Return To:**
Green Tree Servicing LLC
7360 South Kyrene Road, T214
Tempe, AZ 85283

This document was prepared by Green Tree Servicing LLC

_____ [SPACE ABOVE THIS LINE FOR RECORDING DATA] _____

## CR   HOME AFFORDABLE MODIFICATION AGREEMENT
## CR   (Step Two of Two-Step Documentation Process)

Borrower ("I")1: ANGEL R. RAMOS
Lender ("Lender"): Green Tree Servicing LLC
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 10/19/2007
Loan Number: ▮▮▮▮▮▮▮▮
Property Address [and Legal Description if recordation is necessary] ("Property"):
7530 W 29TH AVE
HIALEAH, FL 33018

**ORIGINAL**

**THIS INFORMATIONAL NOTICE IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE CURRENTLY IN BANKRUPTCY OR YOUR ACCOUNT WAS DISCHARGED IN BANKRUPTCY WITHOUT A REAFFIRMATION, THE SERVICER IS NOT ATTEMPTING TO COLLECT OR RECOVER THE DEBT AS YOUR PERSONAL LIABILITY.**

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations** . I certify, represent to Lender and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. I live in the Property as my principal residence, and the Property has not been condemned;
    C. There has been no change in the ownership of the Property since I signed the Loan Documents;
    D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));
    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

---

1If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document, words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. TIME IS OF THE ESSENCE under this Agreement;

    B. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    C. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 03/01/2015 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on 03/01/2015.

    A. The new Maturity Date will be: 03/01/2052.

    B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan and less Principal in the amount of $.00 which has been forgiven. The new principal balance of my Note will be $220,149.59 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

    C. Interest at the rate of 2.50000% will begin to accrue on the New Principal Balance as of 02/01/2015 and the first new monthly payment on the New Principal Balance will be due on 03/01/2015. My payment schedule for the modified Loan is as follows:

HAMP Agreement, 02/28/2012

LTR-602

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.500% | 02/01/2015 | $759.46 | $369.30 adjusts annually after year 1 | $1,128.76 adjusts annually after year 1 | 03/01/2015 | 60 |
| 6 | 3.500% | 02/01/2020 | $869.39 | Adjusts Annually | Adjusts Annually | 03/01/2020 | 12 |
| 7-37 | 3.625% | 02/01/2021 | $883.35 | Adjusts Annually | Adjusts Annually | 03/01/2021 | 373 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

- D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.
- E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.
- F. I agree to pay in full the Deferred Principal and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.
- G. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements.** I agree to the following:

- A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.
- B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

HAMP Agreement, 02/28/2012                                                                                                                                              LTR-602

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. Intentionally Deleted.

The remainder of this page is intentionally left blank.

E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification

HAMP Agreement, 02/28/2012                                                                                                                                              LTR-602

Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

N. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

In Witness Whereof, the Lender and I have executed this Agreement.

Green Tree Servicing LLC
Lender

_____ (Seal)
Borrower

Date: 2-4-2015

By: _____
Name: Anita L. Garvin
Title: Director, Default Services
License #: 1082252

_____ (Seal)
Borrower

Date

Date

Account#: [REDACTED]

_____ [SPACE BELOW THIS LINE FOR ACKNOWLEDGEMENT] _____

By: _____  2/25/15
Jeff D. Koenig
Director of Default Services
License Number: 973833

HAMP Agreement, 02/28/2012

LTR-602